DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Ben DeAngelo appeals from an order of the Lorain County Court of Common Pleas designating him a sexual predator. This Court affirms.
On June 7, 1994, the Lorain County Grand Jury indicted DeAngelo on two counts of gross sexual imposition, violations of R.C. 2907.05(A)(4), and one count of felonious sexual penetration, a violation of R.C. 2907.12(A)(1)(b). In September of that year, DeAngelo pled to both counts of gross sexual imposition and one count of attempted felonious sexual penetration, a violation of R.C. 2923.02(A) and 2907.12(A)(1)(b). Following his failure to appear for sentencing, DeAngelo was eventually arrested and sentenced to two years each on the first and second counts of gross sexual imposition and five to fifteen years for the attempted felonious sexual penetration count; all sentences were concurrent.
In July 1997, a sexual predator hearing was held. At the hearing, DeAngelo argued that the sexual predator statute was unconstitutional. The court of common pleas rejected DeAngelo's arguments and found that he should be classified as a sexual predator in an order journalized August 27, 1997.
DeAngelo timely appeals, asserting two assignments of error.
 ASSIGNMENT OF ERROR No. I TRIAL COURT ERRED WHEN IT DID NOT FIND THE PROCEEDINGS IN ACCORDANCE WITH H.B. 180 AND THE NEWLY AMENDED O.R.C. 2950 ET. SEQ. [sic] UNCONSTITUTIONAL UNDER THE UNITED STATES CONSTITUTION AND THE STATE OF OHIO CONSTITUTION.
DeAngelo argues in his first assignment of error that the sexual predator laws violate Section 8, Article II of the Ohio Constitution and Section 10, Article I of the United States Constitution. He also argues that his constitutional protections concerning privacy, double jeopardy, equal protection, and cruel and unusual punishment were violated. None of these arguments possess merit.
This Court has previously held that R.C. 2950.09(C) does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution or the Ex Post Facto Clause of Section 10, Article I of the United States Constitution. State v. Kimble
(Feb. 4, 1998), Lorain App. No. 97CA006730. Cf. State v. Cook
(1998), 83 Ohio St.3d 404, paragraphs one and two of the syllabus.[1] Further, this Court has also held that the sexual predator laws do not violate privacy, double jeopardy, equal protection, and cruel and unusual punishment protections afforded by the Ohio Constitution and the United States Constitution. State v. Steckman (Feb. 9, 1999), Lorain App. No. 97CA006996, unreported. Accordingly, DeAngelo's first assignment of error is overruled.
 ASSIGNMENT OF ERROR No. II THE TRIAL COURT ERRED WHEN IT DID NOT FIND THAT LABELING THE APPELLANT A SEXUAL PREDATOR VIOLATED THE PRIOR PLEA AGREEMENT ENTERED INTO BETWEEN THE APPELLANT AND THE STATE OF OHIO BECAUSE IT VIOLATED CRIMINAL RULE 11.
In his second assignment of error, DeAngelo contends that, because he was unaware of the forthcoming changes to R.C. Chapter 2950 at the time he pled, and because the notification requirements associated with being a sexual predator constitute punishment, his guilty plea was not knowingly and voluntarily made. DeAngelo requests that this Court overturn his designation as a sexual predator or, in the alternative, allow him to elect for a new trial on the 1994 charges.
DeAngelo's argument is rejected. Those appellate courts that have addressed this issue have held that, because they are collateral consequences and not punishment, Crim.R. 11 does not require a trial court to inform a defendant of the registration and notification requirements accompanying a designation as a sexual predator. State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported (Eighth District); State v. Hiles (Dec. 24, 1998), Delaware App. No. 98CAA04023, unreported (Fifth District);State v. Kenney (May 22, 1998), Hamilton App. No. C-970443, unreported (First District); State v. Condron (Mar. 27, 1998), Montgomery App. No. 16430, unreported (Second District). As this Court has previously held that the registration and notification provisions of R.C. Chapter 2950 do not constitute criminal punishment, State v. Jameson (Apr. 22, 1998), Lorain App. No. 97CA006704, unreported, we agree with the reasoning of our sister districts concerning Crim.R. 11 and adopt their holdings herein. Further, this Court has also held that a defendant cannot attack the validity of his prior plea by appealing an order that did not determine the validity of his guilty plea. Kimble, supra.
DeAngelo's assignments of error are not well taken. The judgment of the court of common pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Lorain, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. ___________________________ DONNA J. CARR, FOR THE COURT
SLABY, P.J.
WHITMORE, J., CONCUR
[1] Other appellate courts have also cited Cook as analogous support for the proposition that R.C. 2950.09(C) is constitutional. See, e.g., State v. Walker (Dec. 18, 1998), Lucas App. No. L-98-1211, unreported (Sixth District); State v. White
(Dec. 3, 1998), Franklin App. No. 98AP-516, unreported (Tenth District).